IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. S1-4:15-CR-00441-CDP-NCC2 |
| ) | |
| DONALD STEWART, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT STEWART'S MOTION IN LIMINE NO. 4: Other Events**

Come now attorneys John Stobbs and Daniel Schattnik on behalf of Defendant Donald Stewart, and in an effort to alert both the Court and opposing counsel of certain evidentiary issues which are anticipated at trial herein, hereby moves in limine that this Honorable Court enter an order directing the government, its attorneys, and any witnesses called or cross-examined by them, to refrain from offering evidence, testimony, argument or comment, either directly or indirectly, through the examination or cross-examination of witnesses, during voir dire, opening statements, closing arguments, or by comments of counsel, or in any other manner, while in the presence or hearing of the jury, certain matters as will be described herein.

In this case, the government has filed its Pretrial Memorandum as Sealed Doc 134. This document does not cull out specific evidence deemed Rule 404(b) evidence, but with a long term conspiracy as alleged by the government, where various events might be deemed intrinsic or extrinsic to the charges, it is difficult if not impossible for the government to itemize what is or what might be strictly Rule 404(b) evidence, and defense views Doc 134 as a way to provide notice all the events that will be the subject of government evidence, of which Rule 404(b) evidence will be a sub-part, even if not specifically designated as such.

1

Additionally, discovery is on-going, so the production of evidence which shows how some things may or may not connect, is not yet complete. On December 20, 2017, the defense received Batch 9 of discovery production, consisting of another 154 pages of reports, additional photos, a surveillance video, and video statements of two persons dated 09/25/10 and 09/30/14. These materials are in the process of being reviewed by counsel, but we have also been advised that we can anticipate a Batch 10 of discovery materials, presumably within the next day or so. Even with that, it is unknown if discovery is close to being complete.

In general, the government's case revolves around a man named Donald White. The government's theory is that White ran a drug organization, and that as part of that process, he ran into situations where he might have disputes with other individuals. Many of those disputes turned into shooting events, some of which are unrelated to the defendants in this case, while some others might be related.

The first charged murder relates to the death of Ronald James (Count 2). Donald White had a drug-related dispute with James "Blue" Williams, and felt that Ronald James was providing information about him to Williams, so White ordered that James be killed.

The second charged murder does not appear to involve a motive to further any aspect of the Donald White drug conspiracy. It is alleged that Michael McGill was ordered "hit" by Viconto Johnson as a favor for a friend in prison. The hit was alleged to be contracted to White, with the government theory that it was then sub-contracted to the defendants. This hit had nothing to do with the Donald White drug conspiracy.

The third charged murder of Darrion Williams is alleged to be the result of Jerome Lewis owing money to Williams for drugs, so he wanted Williams killed, and the government's theory is

that this killing wound up involving the defendants.  Again, this killing event appears unrelated to any Donald White drug conspiracy.

Much of the evidence the government describes in its Pretrial Memorandum pre-supposes that these three events are related to Donald White's drug operations, and as such, a variety of other killings may be offered into evidence by the government, while other may not.

From conversations with the government this week, they have exhibited a willingness to work with defense counsel to hone down what evidence will be produced at trial, and this is an on-going process.

As such, defense counsel files this motion to alert the court to the fact that the full scope of trial evidence has not yet been finalized, but that at present, the defense is of the position that these three murder events are not clearly connected to the Donald White drug conspiracy, and therefore evidence of the drug conspiracy and any other shootings or killings relating to same are irrelevant to the charges against these defendants, and are prejudicial in that said evidence tends to improperly imply a connection between these defendants and the other wrongful acts of others which does not exist, and should therefore be prohibited, in that any possible relevance between those events and these defendants is more prejudicial than probative of any relevant issue herein

Respectfully submitted,

By:    /S/ Daniel R. Schattnik
      Daniel R. Schattnik, #03122234 IL
      Attorney at Law
      3 South 6th Street
      Wood River, IL 62095
      (618) 258-1800

      E-Mail:  schattnik@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. S1-4:15-CR-00441-CDP-NCC2 |
| ) | |
| DONALD STEWART, ) | |
| ) | |
| Defendant. ) | |

**CERTIFICATE OF SERVICE**

I certify that on 22nd day of December, 2017, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record, including but not limited to AUSA Dean R. Hoag and AUSA Michael A. Reilly as well as attorneys for co-defendant Wilson.

   /S/ Daniel R. Schattnik
Daniel R. Schattnik, #03122234 IL

4